IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. |
| v. | ) ) |
| MATERIAL RESOURCES, LLC, d/b/a GATEWAY CO-PACKING COMPANY, | ) ) ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Charles Franklin who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission alleges that Defendant Material Resources, LLC, d/b/a Gateway Co-Packing Company ("Defendant"), subjected Charles Franklin to less favorable terms and conditions of employment than similarly situated white employees by failing to provide him with a pay increase and health insurance benefits and, further, that Defendant terminated Charles Franklin in violation of Title VII in retaliation for his filing a charge alleging race discrimination in Defendant's failure to provide him with a pay increase and health insurance benefits.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII").

2.  The employment practices alleged to be unlawful were committed by Defendant within the jurisdiction of the United States District Court for the Southern District of Illinois.

## PARTIES

3.  Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been doing business in the State of Illinois, has continuously been engaged in an industry affecting commerce, and has continuously employed at least 15 employees.

## STATEMENT OF CLAIMS

5.  More than 30 days prior to the institution of this lawsuit, Charles Franklin filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

6.  Starting on or about December 27, 2005, and continuing thereafter, Defendant engaged in unlawful employment practices against Charles Franklin, an African-American, at Defendant's facility in Washington Park, Illinois, in violation of Section of Title VII, 42 U.S.C. § 2000e-2 and/or § 2000e-3(a), in that:

> (a) Defendant subjected Charles Franklin to less favorable terms and conditions than similarly situated white employees in that Defendant failed to

provide a pay increase due to Charles Franklin once he completed his six month probationary employment on or about December 27, 2005, and did not provide such pay increase to Charles Franklin until after Defendant received notice on or about April 25, 2006, that Charles Franklin had filed a race discrimination charge against Defendant;

(b)     Defendant subjected Charles Franklin to less favorable terms and conditions of employment than similarly situated white employees in that Defendant failed to provide health insurance due to Charles Franklin once he completed his six month probationary employment on or about December 27, 2005, and did not provide such health insurance to Charles Franklin until after Defendant received notice on or about April 25, 2006, that Charles Franklin had filed a race discrimination charge against Defendant; and

(c)     Defendant terminated Charles Franklin from employment on or about May 23, 2006, in retaliation for his engaging in the statutorily protected activity of filing a charge of race discrimination against Defendant.

7.     The effect of the unlawful employment practices alleged in paragraph 6, above, has been to deprive Charles Franklin of equal employment opportunities and otherwise adversely affect his status as an employee in violation of Title VII.

8.     The unlawful employment practices alleged in paragraph 6, above, were intentional acts against Charles Franklin.

9.     The unlawful employment practices alleged in paragraph 6, above, were done with malice or reckless indifference to the federally protected rights of Charles Franklin.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with either of it, from engaging in and any other unlawful employment practice, including discrimination based on race or retaliation for engaging in statutorily protected activity.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for racial minorities to eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Charles Franklin whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, reinstatement or front pay in lieu thereof, lost benefits and seniority, and other affirmative relief as necessary to eradicate the effects of its unlawful employment practices alleged in paragraphs 6 and 7, above.

D.      Order Defendant to make Charles Franklin whole by providing compensation for past, present, and future pecuniary injuries resulting from Defendant's committing the unlawful employment practices alleged in paragraphs 6, 7, and 8, above, including but not limited to, uninsured medical expenses, in amounts to be determined at trial..

E.      Order Defendant to pay Charles Franklin punitive damages based on Defendant's unlawful employment practices committed with malice or reckless indifference to Charles Franklin's federally-protected rights, as alleged in paragraphs 6, 7, 8, and 9, above, in amounts to be determined at trial.

      F.      Grant such further relief as the Court deems necessary and proper in the public interest.

      G.      Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

RONALD S. COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JEAN P. KAMP
Acting Regional Attorney

BARBARA A. SEELY
Supervisory Trial Attorney

/s/ Rebecca S. Stith
REBECCA S. STITH
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7914
(314) 539-7895 (fax)
rebecca.stith@eeoc.gov